## Selinsgrove Area School District v. Krebs

*Thomas C. Clark,* for plaintiff.
*Joey A. Storaska,* for defendant.

McCLURE, *P.J.,* July 3, 1985—On January 20, 1984, Selinsgrove Area School District filed a complaint in assumpsit against defendants to collect per capita taxes levied on defendants by the school district for the fiscal year 1980-81. The total tax due was $10 per person or $20 for both defendants. However, the school district seeks judgment against defendants in the aggregate sum of $154.30, plus costs of suit calculated as follows:

| Lamar | Beverly | |
|---|---|---|
| $10.00 | $10.00 | Face amount of tax |
| .50 | .50 | 5 percent penalty (72 P.S. §5511.10, §10 of the Act of May 25, 1945, P.L. 1050) |
| $ 1.00 | $ 1.00 | 10 percent penalty (72 P.S. §5511.21(b)) |
| $54.40 | $54.40 | Central Tax Bureau — delinquent tax collector costs |
| $11.25 | $11.25 | Harley M. Parker, District Justice costs |
| $77.15 | $77.15 | Total |

On July 13, 1984, defendants filed an answer to the complaint, admitting liability for the tax and penalties, but contesting the payment of the sum of $54.40 each for the delinquent tax collector costs and also contending that defendants are not liable for any costs charged for the filing of the action by plaintiff before the district justice for the collection of improperly assessed delinquent tax collector costs.

On July 13, 1984, defendants also filed a motion for judgment on the pleadings, asserting both a fail-

ure to join an indispensable party and a failure to state a claim upon which relief can be granted.

Oral argument has been held and briefs submitted. The court understands that defendants have withdrawn the contention that plaintiff has failed to join Central Tax Bureau as an indispensable party.

The taxes levied were apparently five dollars per capita under the authority of the Public School Code of 1949 as amended, 24 P.S. §6-679 (Supp. 1985), and five dollars per capita under the Local Tax Enabling Act, 53 P.S. §6902 (Supp. 1985).*

Defendants simply assert that there is no statutory authority for the imposition on the taxpayer of delinquent tax collection costs.

The court agrees that unless there is express authorization by statute such costs may not be imposed upon the taxpayer.

Plaintiff first asserts that judgment on the pleadings is inappropriate as material facts remain in dispute. However, in its brief, plaintiff has failed to set forth what facts, if any, remain in dispute and the court is convinced that there are none. A motion for judgment on the pleadings would appear appropriate, as there are no material facts in dispute. The question is strictly one of legal authorization for the imposition upon defendants of $54.40 each for delinquent tax collector costs separate from costs of suit.

Secondly, plaintiff asserts that such costs are collected by authorization of three separate statutory provisions, each of which will be analyzed by the court. Initially, the plaintiff alludes to 72 P.S.

---

* The complaint asserts that five dollars of the per capita tax is under Act 511 and five dollars is under section 679 of the School Code with the minutes of the meeting approving the tax levy referring to "per capita, five dollars, and per capita personal, five dollars."

§5511.17 (Supp. 1985) by referring to a section on "remedies available to the tax collector or taxing district for the collection of taxes," published by The Municipal Information Center of the Department of Community Affairs (Seventh Edition; October 1981). That statutory provision provides in material part as follows:

"Every tax collector shall have power, in case of the neglect or refusal of any person, copartnership, association, or corporation, to make payment of the amount of any tax due by him, after two months from the date of the tax notice, to levy the amount of such tax, any penalty due thereon, and costs, not exceeding costs and charges allowed constables for similar services, by distress and sale of the goods and chattels of. such delinquent. . . ."

It seems clear to this court that the quoted provision provides for the collection of costs only where there is a distress and sale of the goods and chattels of the delinquent, which is not the case here. Therefore, it is inappropriate to rationalize the charging of such costs as those which would have been incurred had a distress and sale of the goods and chattels taken place.

Plaintiff next cites section 21 of the Local Tax Collection Law, 72 P.S. §5511.21(b), as follows:

"In addition to all other remedies provided by this act, each taxing district shall have power to collect unpaid taxes from the persons owing such taxes by suit in assumpsit or other appropriate remedy. To each judgment obtained for such taxes there shall be added a penalty of 10 per centum together with costs of suit."

The court finds no express or implied power in this provision for the assessment upon the taxpayer of collection costs other than costs of suit.

Finally, plaintiff cites section 22 of the Local Tax Enabling Act, 53 P.S. §6922, as follows:

"When suit is brought for the recovery of any such tax, the person liable therefor shall, in addition, be liable for the costs of collection and the interest and penalties herein imposed." Plaintiff then argues that the term "costs of collection" is broader in its connotation than the phrase "costs of suit" and thus allows for the tax collector's costs to be superimposed upon the tax penalties and costs of suit.

The full text of this statutory provision clearly indicates that the term "such tax" in the phrase cited refers only to the earned income tax, as that is the only tax discussed in section 22. Therefore, no matter what the interpretation of "costs of collection" it cannot be applied to collection of the per capita tax in this case.

The court does not believe that there is any statutory authorization for a delinquent tax collector to collect from the taxpayer "tax collection costs" other than costs of suit. To hold otherwise would be to allow compensation and reimbursement of overhead from the taxpayer rather than the school district, contrary to the established legislative scheme. Section 686(b) of the Public School Code of 1949, as amended, 24 P.S. §6-686(b) (Supp. 1985), provides for the appointment of a delinquent tax collector by the board of school directors. Paragraph (c) of section 686 provides in part that "Collectors of delinquent school taxes so appointed . . . shall be paid such commissions or compensation as is paid the regular collector. Such commissions or compensation shall be paid by proper orders drawn on the school treasurer as other accounts are paid by the school district."

The court views this as an exclusive statutory reference to compensation for the delinquent tax collector, at least for per capita taxes. There is already an aggregate 15 percent penalty assessed on the face amount of the tax, and one may assume that the penalty is imposed in part to help offset costs of collection.

This court's opinion is fully supported by and in accordance with Brown v. Lesuer, 149 Pa. Super. 192, 27 A.2d 754 (1942). In that case the Superior Court ruled that a school district's delinquent tax collector may not make any additional fee, commission or charge against the taxpayer, there being no applicable statutory authorization.

Finally, defendants have requested the court also to delete that portion of district justice costs that is related to the attempted improper collection of the delinquent tax collector costs. The court knows no way to do that, as the district justice costs are not related to the amount sought in the complaint. Therefore, the court will deny that relief.

An order will be entered consistent with this opinion.

## ORDER

And now, this July 3, 1985, for the reasons set forth in the accompanying opinion, it is ordered that:

1. Defendants' motion for judgment on the pleadings is granted in part and denied in part as set forth in the remainder of this order.

2. Judgment is entered in favor of plaintiff and against defendants in the aggregate sum of $22.75 each (being for each taxpayer $10 per capita taxes, an aggregate 15 percent or $1.50 penalty and $11.25 district justice costs), plus the costs of this proceeding.

3. That aspect of petitioner's complaint seeking to collect $54.40 per defendant for delinquent tax collector costs of the Central Tax Bureau is dismissed, with prejudice.